UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| THOMAS JOSEPH, individually and for all others similarly situated, | Docket No.: 1:17-cv-4800 |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| LLEWELLYN PHILLIP, | |
| Defendant. | |

---------------------------------------------------------X

Plaintiff, THOMAS JOSEPH, on behalf of himself and other similarly situated employees, by and through his undersigned attorneys at Gehi & Associates, alleges upon knowledge to himself and upon information and belief to all other matters as follows:

## PRELIMINARY STATEMENT

1)    This action is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 206, 207 and 216(b) and the New York Labor Law ("N.Y. Labor Law") §§ 190 *et seq.*, N.Y. Labor Law § 633, N.Y. Labor Law §§ 650 *et seq.*, N.Y. Labor Law § 162 and 12 New York Codes, Rules, Regulations ("NYCRR") §§ 146-1.2 and 146-1.4 to recover unpaid wages, overtime compensation, spread of hours compensation, and time allowed for meals owed to Plaintiff THOMAS JOSEPH ("Plaintiff") and other similarly situated by LLEWELLYN PHILLIP ("Defendant").

2)    Plaintiff seeks to bring this action as a collective class action under FLSA for unpaid overtime compensation and related penalties and damages on behalf of all porters and superintendents and other similarly situated employees employed by defendant, and to whom

Defendant has unlawfully failed or fail to pay overtime for work performed in excess of forty hours per workweek as required by federal law.

3) The Plaintiff alleges that he and other similarly situated employees are entitled to: (i) unpaid wages from Defendant for all hours worked by Plaintiff, (ii) compensation for overtime, for which Plaintiff and other similarly situated did not receive overtime pay as required by law, (v) liquidated damages under the FLSA, (vi) reasonable attorney's fees, and (vii) costs and disbursements of this action.

4) Plaintiff further complains that he and other similarly situated are entitled to (i) back wages from Defendant for all hours worked by him, (ii) compensation for overtime work for which he/they did not receive overtime premium pay, (iii) compensation for time allowed for meals pay, (iv) compensation for spread of hours pay, and (v) liquidated damages as required by the N.Y. Labor Law § 650 *et seq*. and the supporting regulations.

## JURISDICTION AND VENUE

5) The court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, § 1337, and FLSA 29 U.S.C. §§ 216(b).

6) This court also has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since they are so related to their FLSA claims as to form part of the same case or controversy.

7) Venue is proper in the Eastern District of New York pursuant to 29 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

8) This court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9) The Plaintiff was an individual serving in the capacity of porter and superintendent, employed by Defendant, and all similarly situated parties who, at all relevant times reside in New York State.

10) The Plaintiff is an individual who was at all relevant times an adult residing at 1908 Newkirk Avenue, Brooklyn, NY 11226.

11) Upon information and belief, Defendant is an individual employer and owner of the building located at 1908 Newkirk Avenue, Brooklyn, NY 11226.

12) Defendant was and is conducting business in New York, including Kings County. Guests and vendors of the property regularly visited Defendant's properties in New York, and thus Defendant is engaged extensively in interstate commerce.

**STATEMENT OF FACTS**

13) Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

14) Plaintiff, who was employed as a porter and superintendent by Defendant, seeks to bring this action on behalf of himself and all those similarly situated for unpaid wages and overtime compensation owed, and any other relief owed, pursuant to FLSA (the "Class") The Class include all current and former employees who are or were collectively employed by the Defendant, and who are or were denied overtime compensation, among other FLSA violations, by Defendant.

15) At all relevant times, Plaintiff and those similarly situated were or are employees of Defendant as defined by the FLSA.

16) At all relevant times, Defendant was or is the collective employer of Plaintiff, and all those similarly situated as defined by the FLSA.

17) Plaintiff was employed by Defendant car wash business as a porter and superintendent from 2002 to July 2017.

18) Plaintiff's primary job duties, as well as those of the FLSA Class members were/are to provide porter and superintendent services to the Defendant.

19) Upon information and belief, Plaintiff and the Class conducted business with interstate vendors and provided services to interstate guests.

20) Plaintiff and the Class performed work for the benefit of the Defendant, in the normal course of business of the Defendant.

21) Upon information and belief, Plaintiff and similarly situated Class members were regularly required to perform work in excess of 40 hours per week.

22) Upon information and belief, the payments made to Plaintiff and similarly situated Class members by Defendant constitute "wages" as that term is defined under Article 6 and 19 of the N.Y. Labor Laws.

23) Upon information and belief, Plaintiff and similarly situated Class members never received overtime compensation of one and one-half times his regular rate of pay for any hour worked by him in excess of 40 hours per week from 2002 until 2017, as required by the FLSA and NYSLL and supporting regulations.

24) Upon information and belief, Plaintiff and similarly situated Class members never received one thirty-minute lunch period per work day, as required by the NYSLL and supporting regulations.

25) Upon information and belief, Defendant is the current employer of approximately fifty (50) individuals and commands annual revenue in excess of five-hundred-thousand dollars ($500,000.00).

26) Upon information and belief, at all relevant times, Plaintiff and similarly situated Class members was/were regularly required to perform work for Defendants without receiving minimum wages from Defendant for all hours worked by them as required by applicable federal and New York state law.

27) Upon information and belief, while working for Defendants, Plaintiff and members of the Class, was/were regularly required to perform work for Defendant without receiving overtime compensation of one and one-half times their regular rate of pay as required by federal and state laws.

28) Upon information and belief, while working for Defendant, Plaintiff and the Class was/were entitled to, but was/were not paid, spread of hours.

29) Upon information and belief, while working for Defendant, Plaintiff and the Class was/were not entitled to time allowed for meals.

30) Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and applicable state law by failing to maintain accurate and sufficient timesheets or payroll records.

31) Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

32) Upon information and belief, Defendant: (i) had the power to hire and fire Plaintiff and members of the Class (ii) supervised and controlled Plaintiff's work schedule or

condition of employment and that of members of the Class (iii) determined Plaintiff's rate and method of payment and the rate and method of payment of those in the Class, and (iv) was required to maintain Plaintiff's records and employment records for those in the Class.

33) Upon information and belief, Defendants dominated the day-to-day operating decisions of the business and had complete control of the alleged activities of the business which give rise to the claims herein.

## FIRST CLAIM FOR RELIEF:

## NEW YORK LABOR LAW

34) Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

35) Defendant was and is doing business in New York, including Kings County.

36) The payments made to Plaintiff and the Class by Defendant constitute "wages" as that term is defined under Article 6 and 19 of the N.Y. Labor Law.

37) At all relevant times, Plaintiff and the Class was/were employed by the Defendant within the meaning of the New York Labor Law §§ 2 and 651.

38) Plaintiff and members of the Class is/are "employees" pursuant to N.Y. Labor Law § 651.

39) Defendant is an "employer" within the meaning of the N.Y. Labor Law § 651.

40) At all relevant times, upon information and belief, Plaintiff and Class members regularly worked more than 40 hours per week while working for Defendant.

41) Defendant willfully violated Plaintiff's and the Class' rights by: failing to pay him/them for all hours worked, failing to provide time allowed for meals, failing to pay for overtime compensation at rates not less than one and one-half times the regular rate of pay for

each hour worked in excess of forty hours in a workweek, unreasonably delaying payment of wages, in violation of the N.Y. Labor Law § 663 and its supporting regulations 12 NYCRR § 146-1.4.

42) Due to Defendant's New York Labor Law violations, Plaintiff and members of the class is/are entitled to recover from Defendant his/their unpaid wages for all hours worked, overtime compensation, damages for unreasonable delay in payment of wages, reasonable attorney's fees and costs and disbursements of the actions, as well as an additional amount as liquidated damages, equal to one hundred percent of the total of such underpayments found to be due pursuant to New York Labor Law § 663(1).

43) Defendant required that Plaintiff and members of the Class regularly work more than ten (10) hours in a day.

44) Upon information and belief, Defendant did not pay Plaintiff or members of the Class an additional hour's pay at the basic minimum hourly wage rate when Plaintiff or members of the Class worked more than ten (10) hours in a day.

45) Consequently, by failing to pay Plaintiff and members of the Class an additional hour's pay at the basic minimum hourly wage rate when Plaintiff and members of the Class worked more than then (10) hours in a day, Defendant violated 12 NYCRR § 146-1.6.

46) Upon information and belief, Defendant failed to pay spread of hours compensation to the Plaintiff and the Class was willful.

47) Upon information and belief, Defendants required the Plaintiff and Class members work without time allowed to meals.

48) By the foregoing reasons, Defendant has violated N.Y. Labor Law §§ 650 *et seq.*, N.Y. Labor Law § 162 and 12 NYCRR §§ 146-1.2 and 146-1.4 and are liable to the plaintiff for

minimum wages, overtime compensation, time allowed for meals pay, plus, liquidated damages and attorney's fees and costs pursuant to the above-cited Labor Laws and regulatory sections.

49) Plaintiff has expressed consent to make these claims under the FLSA against Defendants pursuant to 29 U.S.C.A. § 216(b). Plaintiff expects that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

50) As a result of the Defendants' unlawful actions, Plaintiff and the Class have suffered harm and are entitled to damages. Plaintiff, on behalf of himself and the Class, seeks damages including unpaid overtime compensation, liquidated damages, attorneys' fees and costs, interest and any and all such other equitable and legal relief permitted by the FLSA and which this Court finds just and proper.

## SECOND CLAIM FOR RELIEF:

## FAIR LABOR STANDARDS ACT

51) Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

52) Plaintiff brings FLSA claims on behalf of himself and all those similarly situated who are or were employed by Defendants on an hourly basis within six years from the commencement of this action, and who have been or are being denied compensation, or who are not or have not been compensated for hours worked in excess of forty hours per workweek.

53) Plaintiff seeks to proceed against Defendant for their FLSA violations as a collective action, as alleged in this complaint, and pursuant to the collective action provisions of the FLSA.

54) Upon information and belief, there are more fifty similarly situated former and current hourly employees who are or were employees of Defendant, and who are or have been

underpaid in violation of the FLSA, and who should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

55) The names and addresses of these similarly situated employees are available from Defendants. Defendants can readily locate them so that notice of this action can be issued.

56) At all relevant times, Defendants are an "enterprise" within the meaning of FLSA 29 U.S.C. § 203.

57) Upon information and belief, at all relevant times, Defendant has had gross revenue in excess of $500,000.00 Plaintiff's information and belief is based on his employment duties to Defendants as detailed above.

58) At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59) Defendant engaged in business with interstate vendors and interstate guests and therefore their employees are engaged in commerce within the meaning of FLSA 29 U.S.C. § 203.

60) As "employers," Defendants are liable for violations of the FLSA.

61) Plaintiff, and all those similarly situates, is/are "employees" within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

62) At all relevant times, Defendant employed Plaintiff and all others similarly situated within the meaning of the FLSA.

63) Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

64) At all times relevant, as a result of Defendant's willful failure to compensate the Plaintiff and the Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendants have violated the FLSA 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 201(b), and 216(b).

65) As a result of Defendant's willful failure to record, report, credit and/or compensate the Plaintiff and Class members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine wages, hours and other conditions and practices of employment in violation of FLSA 29 U.S.C. §§ 201 *et seq.* including 29 U.S.C. §§ 211(c) and 215(a).

66) Due to Defendant's willful FLSA violations, Plaintiff and similarly situated Class members is/are entitled to recover from Defendants his unpaid wages for all of the hours worked by him, as overtime compensation, an additional equal amount as liquidated damages for Defendants willful violations of the FLSA and for their unreasonably delayed payment of wages, reasonable attorney's fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF:

## UNLAWFUL WITHHOLDING OF WAGES

67) Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

68) The FLSA and N.Y. Labor Law prohibit employees from withholding wages or making any changes or deductions from the wages of their employees. 29 U.S.C. § 201 *et. seq.*; 29 C.F.R. § 531.35; N.Y. Labor Law § 193.

69) The N.Y. Labor Law requires employers to pay wages earned not less frequently than semi-monthly, on regular paydays designated in advance by the employer. N.Y. Labor Law § 191.

70) Defendant unlawfully withheld all overtime compensation from Plaintiff and the Class from approximately 2002 through 2017.

71) Due to the intentional, willful and unlawful acts of Defendant in withholding wages from Plaintiff and members of the Class, Plaintiffs are entitled to compensatory damages and/or liquidated damages in an amount to be determined at trial, together with prejudgment interest thereon.

72) Plaintiff and the Class are entitled to an award of his/their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court find in favor of him and the FLSA Class and against the Defendant as follows:

a. Designation of this action as a collective action on behalf of the proposed members under the FLSA, and that the court issue prompt notice to all similarly situated putative collective action Plaintiffs to provide them notice of this action, the nature of the claims, and of their right to file consent and join this lawsuit pursuant to 29 U.S.C. § 216(b);

b. Designate Plaintiff as a Class Representative for the putative collective action plaintiffs;

c. Award a declaratory judgment that the practices complained of herein are unlawful under the FLSA and N.Y. Labor Law;

d. Order appropriate equitable and injunctive relief to remedy the violations of the FLSA;

e. Award Plaintiff and others similarly situated individuals the value of all compensation and benefits lost as a result of Defendants' unlawful conduct, including, but not limited to, unpaid overtime wages;

f. Award Plaintiff and all others similarly situated prejudgment and post-judgment and post-judgment interest and attorneys' fees; costs and disbursements, as provided by law;

g. Award liquidated and/or punitive and/or compensatory damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and N.Y. Labor Law.

h. An award of unpaid time allowed for meals under N.Y. Labor Law;

i. Award costs and expenses of this action together with reasonable attorney's fees;

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal rules of civil Procedure, Plaintiff and all those similarly situated demand a trial by jury on all questions of fact raised by the complaint.

Date: August 16, 2017                                         Respectfully submitted,

                                                              /s/ Naresh Gehi
                                                              Naresh M Gehi, Esq.
                                                              *Attorney for Plaintiff*
                                                              Gehi & Associates
                                                              Attorneys for the Plaintiff
                                                              118-21 Queens Boulevard, Suite 409
                                                              Forest Hills, New York 11375
                                                              (718) 263-5999