# VARACALLI & HAMRA, LLP

32 Broadway, Ste. 1818
New York, NY 10004
Tel: 646-590-0571
Fax: 646-619-4012
Web: www.vhllp.com

August 22, 2018

Anthony R. Portesy, Esq
aportesy@vhllp.com

Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
Room N-208
225 Cadman Plaza
Brooklyn, NY 11201

**Re: Joseph v. Phillip, 17-cv-4800**

Dear Honorable Judge Reyes, Jr.:

  The parties to the above captioned matter hereby jointly seek to notify the Court that they have agreed to settle the above Action brought under the Fair Labor Standards Act (FLSA) for $6,000 and seek the Court's approval of the Settlement Agreement in accordance with Cheeks v. Freeport Pancake House, Inc, 796 F.3d 199 (2d Cir. 2015). The parties respectfully request that the Court approve the Settlement Agreement, a copy of which is attached hereto as *Exhibit A,* and allow the parties to discontinue the matter with prejudice pursuant to F.R.C.P. Rule 41. As explained in further detail below, the parties respectfully state that the proposed Settlement Agreement is fair, reasonable, and equitable.

## Background

  Plaintiff's federal Fair Labor Standards Act ("FLSA") claims arise out of work performed by Plaintiff for Defendant at Defendant's apartment buildling located in the County of Kings, State of New York. Plaintiff filed this action on August 16, 2017, with various causes of action for alleged wage and hour violations. Subsequently, Plaintiff filed an Amended Complaint on November 20, 2017 alleging minimum wage and overtime violations under the FLSA.

## Allegations and Discovery Results

  Plaintiff worked for Defendant as a building superintendent from in or about 2002 until July 4, 2017. Plaintiff alleged working twenty four (24) hours each day and that he was required remain "on call" (See Comp at §21, §22). Plaintiff further alleged a failure to pay overtime for hours in excess of forty (40) hours per week in addition to failure to pay the applicable minimum wage (*See* Comp. at §23 and §39).

Plaintiff's alleged damages were based on the purported one hundred and sixty eight (168) hour work week which required twenty four (24) hour shifts, seven days per week. The exchange of discovery uncovered that plaintiff executed numerous employment contracts dictating the terms of his employment with Defendant, but that Plaintiff also worked several side jobs.. Further, Plaintiff's deposition testimony uncovered that Plaintiff did not work twenty four (24) hours in a given day, seven days a week. Rather, he worked from Monday through Friday, and quite apparently, less than eight hours each day and less than forty (40) hours each week of his employment. Plaintiff also worked numerous "side jobs" as a handyman during the hours in which he was supposed to be on the Defendant's payroll. In light of these admissions by the Plaintiff as well as the production of written, executed employment contracts by the Plaintiff, there is a significant risk that Plaintiff would not prevail on any of his claims if this case proceeds to trial. Accordingly, it became necessary to evaluate the potential value and success of all claims if the case proceeded to trial.

Given the uncertainty of litigation, the likelihood of Defendants' successful defense of Plaintiff's spurious overtime and minimum wage allegations, and most importantly, to avoid the increased cost of litigating this case to trial, the parties agreed that the proposed amount set forth in the Settlement Agreement is fair and reasonable.

## The Proposed Settlement Should Be Approved

The attached proposed Settlement Agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the agreement reflects a reasonable compromise of Plaintiff's claims rather than a mere waiver of statutory rights brought about by Defendant's alleged violations of Federal and state wage and hour laws. Plaintiff will recover an amount that is more than likely the amount he would have received had this case proceeded to a trial and reflects the desire of the Defendant to avoid the expense of a trial. The Plaintiff has been informed of the terms of the settlement including the overall amount to be paid by Defendant and there have been no objections to the settlement.

Plaintiff is represented by competent counsel and the settlement amount constitutes a not insignificant portion of what Plaintiff may be entitled to should he prevail at trial.[1] Likewise, Defendant is represented by competent counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. As noted above, the parties have engaged in discovery efforts, and have gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.")(internal citations and quotations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (Courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.")(citation and internal quotations omitted). Indeed, there have been informal conversations by counsel for both sides with Plaintiff's son and wife, two of Defendant's independent contractors who performed work at the apartment building

---

[1] See Attached Declaration of Plaintiff's counsel.

Plaintiff was superintendent for, superintendents currently employed by Defendant, and a few persons who Plaintiff did work for away from the apartment building.

Furthermore, settling this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiff no longer associate with Defendant, coercion is unlikely. See, Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC. 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims ... for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.")(internal citation and quotation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483. 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 (W.D.N.Y. Jan. 30, 2013).

Additionally, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiff has not identified "the presence of other employees situated similarly to the claimant" or of some industry wide practices; b) Defendant explicitly denies any wrongdoing, and has no "history of FLSA non-compliance"; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light of Defendant's lack of a history of non-compliance and the lack of any identified industry wide practice. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

Lastly, the parties agree that the settlement amount is a reasonable compromise of all parties' positions and the proposed settlement regarding attorney fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiffs. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110. 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are consensual")(internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

Accordingly, the parties respectfully request judicial approval of the parties' proposed settlement agreement (annexed hereto as Exhibit A), and request to be allowed to submit a stipulation of dismissal with prejudice consistent with the requirements of FRCP Rule 41(1) (a) (ii).

## Discussion of Plaintiff's Attorneys' Fees

The Settlement Agreement's apportionment of $400 in costs to Plaintiff's counsel, in addition to $1,866.67 to Plaintiff's counsel as attorney's fees (for a total of $2,266.67), is reasonable. See *Rangel v. 693 Grand St. Meat & Produce Corp.*, No. 13 CV 3234(LB), 2013 WL 5308277 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit.") (internal citation omitted). One-third of the settlement net of costs for

attorney's fees, in addition to costs themselves, is consistent with Plaintiff's consensual representation agreement with his attorney. *See Exhibit B,* Attached Representation Agreement. Furthermore, the amount is reasonable given the hours billed by Plaintiff's counsel, *see Exhibit C,* Attached Billing Record, which totals $14.478.00.[2]

Therefore, we respectfully request the Court dismiss the action with prejudice pursuant to F.R.C.P. Rule 41. The parties thank the Court in advance for their consideration of this request.

                                  Truly Yours,

                                  Anthony R. Portesy, Esq.
                                  *Associate*
                                  Varacalli & Hamra, LLP

CC via ECF: Ben Baumgartner, Esq.

---

[2] Given the small settlement amount, as a courtesy, plaintiff's counsel is waiving the cost of the deposition.